ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, INCORPORATED, APPELLANT, v. POND COAL COMPANY, INCORPORATED, RESPONDENT.

Argued January 21, 1936—Decided June 26, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellant, *Alvord & Alvord.*

For the respondent, *Frank Kolok.*

LLOYD, J. The insurance company brought suit against the defendant corporation to recover premiums claimed to be due on an employers' liability policy of insurance. There was a nonsuit in the court below, and the plaintiff appeals.

The nonsuit was granted on the ground that no insurance was ever shown to have been effected with the defendant company. The facts were undisputed that a policy for one year issued to Samuel and Isaac Bleznak, a partnership trading as Pond Coal Company, in March, 1933, and the claim by the plaintiff was that it had been transferred to the name of the defendant, a corporation, and that a larger premium was due.

An examination of the proofs discloses that while the insurance company placed on its own copy of the policy a transfer such as was contended for, there was no proof that this had been ordered or authorized by the defendant or that it had been made part of the policy already issued.

It appears that there were two business concerns: (1)

a partnership trading as Pond Coal Company, organized in 1920, and (2) a corporation known as Pond Coal Company, Incorporated, chartered in July, 1929.

If the insurance was effective to the corporation under the terms of the policy its officers would be regarded as employes and increase the premium from the $80 which had been paid by the partnership to the sum of $342.50, making a difference of $262.50, for which sum the action was instituted.

It was contended by the plaintiff that the policy was so changed on April 6th, 1933, in accordance with orders received from one Fiorelli, an insurance broker, and claimed by it to be an agent of the defendant. It seems that Fiorelli in March, 1933, received from Samuel Bleznak, a member of the partnership, an application for a policy of compensation insurance in the name of Samuel Bleznak and Isaac Bleznak, trading as Pond Coal Company. Such policy was issued by the plaintiff company, delivered to Fiorelli and by him delivered to the Bleznaks. Thereafter the plaintiff claimed that a new order was given by Fiorelli changing the policy to the Pond Coal Company, Incorporated, and produced a witness who testified that she received such an order from Fiorelli; and further that a rider making the change was issued and forwarded to Fiorelli to be attached to the policy already delivered. Fiorelli denied giving any such direction or the receipt of any such rider, or that he had ever apprised the partnership or the corporation that he had received such a paper.

We find nothing in the proofs to bind the defendant company. Whether Fiorelli was acting as the agent of the plaintiff or as the agent of the Bleznaks a partnership, is not necessary to decide. Even if he were the agent of the partnership in procuring the first policy, there was no implied authority in such employment to authorize the obtaining of substituted insurance for the corporation, and there is no proof in the case that such was ordered by the corporation or by any of its officers or agents.

The judgment is affirmed, with costs.